**WESTERN MANAGEMENT, INC., Plaintiff,**

and

**Yvonne R. Kovacevich, Plaintiff–Appellant,**

and

**Robert E. Kovacevich, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 2010–5011.

United States Court of Appeals, Federal Circuit.

Dec. 16, 2009.

Robert E. Kovacevich, Spokane, WA, for Plaintiff–Appellant.

Carl D. Wasserman, Department of Justice, Washington, DC, for Defendant–Appellee.

Yvonne R. Kovacevich, Spokane, WA, pro se.

Before MICHEL, Chief Judge, SCHALL and LINN, Circuit Judges.

ON MOTION

PER CURIAM.

### ORDER

The United States moves to dismiss Yvonne R. Kovacevich and Robert E. Kovacevich's appeal as premature. The appellants oppose.

The appellants filed a complaint in the United States Court of Federal Claims seeking a refund of federal income taxes paid. The United States filed an amended counterclaim for outstanding tax liabilities. The appellants moved to strike the counterclaim for lack of jurisdiction and the Court of Federal Claims denied the motion. The appellants appealed that order.

The court's jurisdiction over appeals from decisions of the Court of Federal Claims is governed by 28 U.S.C. § 1295(a)(3). Section 1295(a)(3) provides that the court has jurisdiction over "an appeal from a *final* decision of the United States Court of Federal Claims" (emphasis added). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945); *see also Ultra–Precision Mfg. Ltd. v. Ford Motor Co.,* 338 F.3d 1353, 1356–57 (Fed.Cir.2003) ("[a] district court's judgment is final where it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (citation omitted)). Because the complaint and the United States' counterclaim are pending in the Court of Federal Claims, there is no final decision or judgment.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion to dismiss is granted.

(2) Each side shall bear its own costs.